

U.S. Department of Justice

*United States Attorney*
*Central District of Illinois*
Peoria Division Office

*211 Fulton Street, Suite 400*  TEL: *(309) 671-7050*
*Peoria, Illinois 61602*  FAX: *(309) 671-7259*

April 1, 2024

BY ELECTRONIC FILING

Mr. Christopher G. Conway, Clerk
United States Court of Appeals
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

Re:  *United States v. Jackson*, Case Nos. 23-1708, 23-1721 (argued Mar. 28, 2024)

Dear Mr. Conway:

    One of the government's arguments in this appeal is that the smell of marijuana created probable cause for a violation of federal law. Gov.Br. 28-40. The defendant argues that this Court should not consider that argument, claiming that the government did not raise it below.

    This Court recently issued a precedential opinion addressing the same question. *See* Fed. R. App. P. 28(j). In *United States v. Cade*, this Court affirmed the denial of a motion to suppress on a ground the government had not raised below, explaining that "the government, as appellee, may present new arguments for affirmance when the district court record is adequately developed, even if the argument was not presented before the district court." 93 F.4th 1056, 1061 (7th Cir. 2024). In doing so, the Court did not require any exceptional reasons. *Id.*; *see also United States v. Jimenes*, 852 F.3d 631, 635 (7th Cir. 2017).

    That same course would be appropriate here, even if the government did not present the issue below. Like in *Cade*, the underlying facts were fully developed in the district court, as the government expressly argued that the smell of marijuana created probable cause. R. 20 at 3-4. The government also squarely presented this ground on appeal, so unlike cases in which the forfeiture occurred

on appeal, *e.g.*, *United States v. Radford*, 39 F.4th 377 (7th Cir. 2022), the party-presentation principle does not require exceptional reasons. *See Wood v. Milyard*, 566 U.S. 463, 472-73 (2012).

Plus, the defendant's sole claim on appeal is based on a legal claim his motion to suppress did not make, R. 16 ¶ 14, and a fact it did not mention. If he were permitted to raise that new claim on appeal, *but see United States v. McMillian*, 786 F.3d 630, 636 (7th Cir. 2015) ("[T]here is no good cause to excuse a Rule 12 forfeiture where a defendant files a timely motion to suppress on one ground, and later seeks to assert a new ground for suppression for the first time on appeal."), the government should be able to confirm its reliance on federal law.

                                                Sincerely,

                                                 /s/ *Jeffrey D. Kienstra*
                                                Jeffrey D. Kienstra
                                                Assistant United States Attorney

## CERTIFICATION

This letter complies with the word limitation of Fed. R. App. P. 28(j) and Cir. R. 28(e) because the body of this letter contains 349 words as shown by Microsoft Word 365 used in preparing this letter.

                                                 */s/ Jeffrey D. Kienstra*
                                                 Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on April 1, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                 */s/ Jeffrey D. Kienstra*
                                                 Assistant United States Attorney