# JONES DAY

51 LOUISIANA AVE. NW • WASHINGTON, DC 20001

TELEPHONE: +1.202.879.3939 • FACSIMILE: +1.202.626.1700

Direct Number: (202) 879-3434
lcapozzi@JonesDay.com

April 2, 2024

Mr. Christopher G. Conway, Clerk
United States Court of Appeals
219 South Dearborn Street, Room 2722
Chicago, Illinois 60604

      Re: Government's Fed. R. App. P. 28j Letter in *United States v. Jackson*, Nos. 23-1708, 23-1721 (argued March 28, 2024)

Dear Mr. Conway:

*United States v. Cade*, 93 F.4th 1056 (7th Cir. 2024) is inapt.

*Cade* addressed forgiveness of *forfeiture*. *Id.* at 1061-62. Courts cannot consider *waived* arguments. *Wood v. Milyard*, 566 U.S. 463, 472-73 (2012). Here, the Government strategically omitted the federal marijuana laws from its suppression brief. ECF 51 at 5-6. The District Court asked about those laws during the suppression hearing, SA 60; the Government acknowledged the question but refused to make the argument. SA 66. That is waiver.

The Court also cannot consider a *forfeited* basis for probable cause absent "exceptional circumstances." *United States v. Radford*, 39 F.4th 377, 387 (7th Cir. 2022). This Court developed that test for the specific situation in this case: where the Government forfeits a basis for probable cause. *Id.* *Cade* did not involve a forfeited probable-cause basis. Nor did *Cade* mention or overrule *Radford*.

Next, the Government abandons its prior argument that *Radford* applies. *Compare* ECF 61 at 1-2, *with* ECF 46 at 33 n.11. It does. In *Radford*, the relevant probable-cause basis was "not raise[d] . . . in the district court, thus forfeiting [it] on appeal"; consequently, it could only be considered in an "exceptional case." 39 F.4th at 387. Here, the Government forfeited compliance with that rule.

Affirmance is improper even under *Cade* because "the district court record" is *not* "adequately developed." 93 F.4th at 1061. The District Court issued no probable cause findings. ECF 51 at 6-7. For example, it did not find that Officer Barrie's claimed superhuman ability to smell two grams of raw cannabis was credible enough for probable cause. *Id.* at 7. Additionally, affirming based on federal marijuana laws would require addressing hemp-related arguments (ECF 21 at 26-27) and Officer Barrie's lack of

authority to enforce federal laws. *Compare* ECF 46 at 36-37, *with Johnson v. United States*, 333 U.S. 10, 15 n. 5 (1948), *and Commonwealth v. Craan*, 469 Mass. 24, 32-34 (2014).

Finally, the Government falsely equates its deliberate waiver and Jackson's preservation of his probable-cause claim. ECF 61 at 2. Jackson's reply brief rebutted this argument. ECF 51 at 1-2.

Respectfully submitted,

*/s/ Louis J. Capozzi III*
Louis J. Capozzi III
*Counsel for Prentiss Jackson*

cc: Counsel of Record via CM/ECF

**CERTIFICATION**

This letter complies with the word limitation of Fed. R. App. P. 28(j) and Cir. R. 28(e) because the body of this letter contains 347 words as shown by Microsoft Word used in preparing this letter.

/s/ Louis J. Capozzi III
*Counsel for Prentiss Jackson*

**CERTIFICATE OF SERVICE**

I certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I further certify that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Louis J. Capozzi III
*Counsel for Prentiss Jackson*